ALBANY,
Feb 1824.

Cleveland
v.
Strong.

### CLEVELAND *against* STRONG.

The affidavit for a reference need not state where the venue is laid.

A. SAMPSON, moved for a reference in this cause.

*S. M. Hopkins,* contra, objected that the affidavit on which the motion was founded, did not state where the venue is laid. He cited *Sherwood* v. *Tremper,* (11 John 406.)

WOODWORTH, J. I think it should appear by the affidavit in what county the venue is laid ; otherwise we cannot see that the referees reside there, which is necessary, by the case cited. I believe the practice has been to state the venue.

SUTHERLAND, J. I do not see why this should be deemed necessary in the first instance. It is true, that by the case cited, the referees must reside in the county where the venue is laid ; but if the referees named in the notice do not, in fact, reside there, it seems to me to be more properly matter of objection for the other side.

SAVAGE, Ch. J. The great object is to have an established and uniform rule on this subject. The practice heretofore seems to have been to state the venue in the affidavit on which the motion is founded ; and I see, at present, no good reason for departing from that practice.

THE COURT, afterwards, mentioned that they had considered further of the practice, and they thought it unnecessary to state the venue, in the affidavit.

Motion granted.